UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| John G. Nee,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Nancy A. Berryhill,  )<br>Acting Commissioner,  )<br>Social Security Administration,  )<br>  )<br>Defendant.  )<br>  ) | Case. No. 1:17-cv-11459-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                    December 9, 2019

### I. Introduction

Plaintiff John G. Nee ("Nee"), *pro se*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the denial of his claim for disability insurance benefits under Title II of the Social Security Act. D. 1. Defendant Acting Commissioner of the Social Security Administration Nancy A. Berryhill (the "Commissioner") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that this action is untimely. D. 15. For the reasons stated below, the Court DENIES the Commissioner's motion to dismiss.

### II. Standard of Review

When reviewing a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court "may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Trans-Spec Truck Serv., Inc.

1

v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (citation omitted); see Fed. R. Civ. P. 12(d). The Court may make exceptions for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). If the documents do not fall within this narrow class of exceptions, and the Court nevertheless considers them in deciding the motion, the motion "must be treated as one for summary judgment under Rule 56" and the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see Watterson, 987 F.2d at 3.

If the Court converts the motion to one for summary judgment, the Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The movant "bears the burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets his or her burden, the non-moving party may not rest on the allegations or denials in her pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but "must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor," Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010) (citation omitted).

## III. Background

Nee filed an application for social security disability insurance benefits on March 3, 2014, alleging disability onset beginning March 31, 2013. D. 1-2 at 9; D. 16-2 at 5. The Social Security Administration (the "SSA") denied his claim in July 2014 and again upon reconsideration in October 2014. D. 1-2 at 9; D. 16-2 at 5. On December 17, 2015, Nee received a hearing before an Administrative Law Judge ("ALJ"). D. 1-2 at 9; D. 16-2 at 5. Prior to the hearing, Nee, through his attorney, amended the onset of disability to January 1, 2014. D. 1-2 at 9; D. 16-2 at 5. On February 22, 2016, the ALJ issued a partially favorable decision finding that "the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act beginning on June 19, 2015." D. 1-2 at 17; D. 16-2 at 13. Nee appealed the ALJ's determination and sought review regarding the onset date from the Appeals Council. D. 16-3. On May 23, 2017, by Notice of Appeals Council Action (the "Notice"), the Appeals Council denied the request for review, making the ALJ's decision final. D. 1-2 at 3; D 16-4 at 1. The Notice included the following information:

> **Time To File a Civil Action**
>
> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

D. 16-4 at 3. The Notice was mailed to Nee on May 26, 2017. D. 1-2 at 1; D. 16-1 at 3.

## IV. Procedural History

Nee instituted this action by filing a *pro se* complaint. D. 1. The Commissioner moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Nee's action is untimely. D. 15.

3

## V. Discussion

### A. Submission of Matters Outside the Pleadings

The Commissioner's motion, D. 16, and Nee's opposition, D. 17, rely upon affidavits and documents that cannot be considered under a Rule 12(b)(6) standard as they were neither attached nor incorporated by reference to Nee's complaint. See Hebert v. Vantage Travel Serv., Inc., Civ. A. No. 17-10922-DJC, 2018 WL 1156225, at *2-3 (D. Mass. Mar. 2, 2018) (collecting cases). Concluding resolution of the timeliness issue depends upon consideration of matters outside the pleadings, the Court is required to convert the Commissioner's motion to dismiss to a motion for summary judgment pursuant to Rule 12(d) to consider such material. Pursuant to Rule 12(d), the Court notified the parties of its intent to convert and provided them with an opportunity to supplement the record. D. 24. Neither side chose to do so. Accordingly, given that both parties have had "reasonable opportunity to present all the material that is pertinent to the motion," Rule 12(d), the Court accordingly treats the Commissioner's motion as a motion for summary judgment under Rule 56.

### B. Timeliness of Nee's Complaint

The issue before the Court on the Commissioner's motion is whether Nee's complaint requesting judicial review of the denial of his claim for disability insurance benefits was timely filed on August 3, 2017. D. 16. Judicial review of final decisions of the Commissioner is governed by 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Any civil action "must be instituted within 60 days after the Appeals Council's notice of denial of

request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual." 20 C.F.R. § 422.210(c). The regulation includes a presumption that "the date of receipt is five days after the date on the notice unless the claimant makes 'a reasonable showing to the contrary.'" McLaughlin v. Astrue, 443 Fed. App'x 571, 572 (1st Cir. 2011) (quoting 20 C.F.R. § 422.210(c)). If a claimant successfully rebuts the presumption, the burden then shifts to the Commissioner to "prove that [the claimant] received actual notice more than 60 days prior to filing the complaint in district court." Id. at 575 (alteration in original) (quoting Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)).

1. *Nee has Rebutted the Presumption Under 20 C.F.R. § 422.210(c) about Receipt of the Notice*

The Court first considers whether Nee has made a reasonable showing that he did not receive the Notice within the five-day presumptive period of receipt. Although 42 U.S.C. § 405(g) requires a claimant to file any civil actions requesting judicial review of the Appeals Council's decision within sixty days of the "mailing," the regulation further clarifies that the sixty-day period begins once the notice is received by the individual. 20 C.F.R. § 422.210(c); see Matsibekker, 738 F.2d at 81 (noting "[r]ather than commencing on the date notice of decision is *mailed* to the claimant, the sixty day period starts from the time notice is *received* by the claimant" (emphasis in original)). There is also a rebuttable presumption that receipt of same occurred five days after the date of such notice. Id.

It is undisputed that the Notice denying Nee's request for review is dated May 23, 2017. D. 1-2 at 3; D. 16-4 at 1. Nee therefore, is presumed to have received the Notice five days later on Sunday, May 28, 2017, unless he makes a reasonable showing to the contrary. Without such showing, the sixty-day period to file a complaint for judicial review would have ended on July 27, 2017, and Nee's complaint filed on August 3, 2017, would be untimely.

The Court concludes that Nee has made a reasonable showing of receipt after the presumptive date of May 28, 2017. Nee has filed his own affidavit and affidavits from his wife, his daughter's babysitter and his wife's two family members living in the household. D. 17-1. All five affidavits attest that Nee received the Notice on Monday, June 5, 2017. See, e.g., Beaumier Aff., D. 17-1 at 1 (stating "[o]n Monday June 5, 2017, a letter arrived from Social Security in Virginia for John G. Nee"); Meaden Aff., D. 17-1 at 4 (stating "I prepared the letter and appeal to the appeals council and the letter from the Appeals Council did NOT arrive any earlier than June 5, 2017"); Yaffe Rivera Aff., D. 17-1 at 6 (stating "I will never forget June 5, 2017 and the devastation my aunt and uncle felt on that afternoon when they opened the letter from SSA APPEALS in Virginia"). In their respective affidavits, Nee and his wife attest that they have had ongoing issues with mail delivery at the address since 2011. D. 17-1 at 2, 4.

The Commissioner argues that the affidavits fail to establish that Nee did not receive the Notice within five days of mailing. D. 20 at 2. "[I]t is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption." McLaughlin, 443 F. App'x at 574; see Grant v. Berryhill, 695 F. App'x 592, 594 (1st Cir. 2017) (finding plaintiff's affidavit "merely recall[ing]" receipt "on or after August 1, 2015" was insufficient to rebut the presumption); Piscopo v. Sec'y of Health & Human Servs., No. 93-2326, 1994 WL 283919, at *4 (1st Cir. June 27, 1994) (concluding that plaintiff failed to rebut the presumption by asserting she only visited her post office mailbox "weekly or biweekly for her convenience"); McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987) (finding the unsubstantiated affidavits of plaintiff and counsel were not enough to rebut the presumption). If affidavits are submitted to rebut the presumption, "[c]laimants must support their contentions with facts or

extrinsic evidence." Parker v. Colvin, Civ. A. No. 2:15cv533, 2017 WL 626750, at *3 (E.D. Va. Feb. 14, 2017) (citation omitted); see McLaughlin, 443 Fed. App'x at 574 (finding presumption rebutted where plaintiff explained why she thought receipt occurred after the presumptive period ended and submitted a date-stamped copy of the notice from her attorney in support); Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1356-57 (S.D. Ala. 2002) (noting "[i]n every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt").

The Commissioner argues that the date cited in support Nee's complaint, June 3, 2017, D. 1-2 at 1, conflicts with the date of receipt reciting in the affidavits, see D. 17-2, and, therefore, this conflict is grounds for dismissing Nee's complaint as untimely. D. 20 at 2. However, confusion over the date of receipt does not preclude Nee from making a "reasonable showing" to rebut presumption of receipt on May 28, 2017. See McLaughlin, 443 F. App'x at 574 (stating "a claimant need not allege a specific date of receipt of the Appeals Council's notice in order to make a reasonable showing that he or she received the notice after the five-day presumptive period had ended").

A claimant "does not automatically rebut the presumption" by showing that "a denial notice was not mailed until after the date printed on the notice." Parker, 2017 WL 626750, at *3; see, e.g., Williams v. Colvin, No. 1:14-cv-00218-MP-CAS, 2015 WL 5120790, at *5 (N.D. Fla. Aug. 27, 2015), aff'd, 664 F. App'x 763, 765 (11th Cir. 2016) (finding plaintiff failed to rebut presumption by submitting an envelope with a mailing date two days after the notice date); Davila v. Barnhart, No. 01 CIV.194 (DLC), 2002 WL 484678, at *2 (S.D.N.Y. Apr. 1, 2002) (finding it was "entirely reasonable to presume" that claimant received the notice within the presumptive period where claimant could not recall the date of receipt and the notice was mailed one day after

7

its issuance). Here, however, the declaration of Marie Cousins from the Social Security Administration's Office of Disability Adjudication and Review confirms the Appeals Council mailed the Notice, dated May 23, 2017, to Nee's address on May 26, 2017. Cousins Decl., D. 16-1 at 3. It is appropriate to consider the timing of the mailing as part of determining whether a claimant has made a reasonable showing to rebut the presumption that he received the Notice five days after the date of the Notice. See McLaughlin, 443 F. App'x at 574 (explaining presumption of receipt has been rebutted "where a claimant can show that the Appeals Council's notice had not been mailed until five days after the date on the notice" (citing Matsibekker, 738 F.2d at 81)); Robinson v. Berryhill, No. 17-cv-00126-DMR, 2017 WL 3284608, at *4 (N.D. Cal. Aug. 1, 2017) (finding it was "reasonable to conclude that the Notice, mailed from the opposite coast on November 8, 2016, did not reach Plaintiff's home in California on November 9, 2016, only one day after mailing").

The Appeals Council mailed its decision to Nee on Friday, May 26, which was three days after the date printed on the Notice. Pursuant to 20 C.F.R. § 422.210(c), receipt was presumed on Sunday, May 28. Where the fifth day in the presumptive period ends on a Sunday, courts in other districts have found that the presumptive period does not extend to the next business day. See, e.g., Cope v. Colvin, No. 1:14-cv-00882 (MAD/TWD), 2017 WL 1954926, at *2 (N.D.N.Y. May 11, 2017); Rodriguez v. Colvin, No. 1:15-cv-01627-SKO, 2016 WL 3196771, at *3 (E.D. Cal. June 9, 2016). However, Nee and his wife also both attest to ongoing issues with mail delivery at their Massachusetts address and further attest, along with two other affiants, that the Notice was not received until June 5. D. 17-1. Taking all factors into account, it is reasonable to conclude that Nee did not receive the Notice before the presumptive date of May 28.

Accordingly, the Court concludes that the Nee successfully met his burden under 20 C.F.R.

§ 422.210(c) by making a reasonable showing that he did not receive the Notice within five days of its issuance.

   2. *The Commissioner has Failed to Show, as a Matter of Undisputed Fact, that Nee's Complaint is Untimely*

The Court next considers whether the complaint was filed within sixty days of the actual date upon which Nee received the Notice. "[S]ince the statute of limitations in the case at hand is an affirmative defense, the burden is on the Commissioner, not the claimant, at this stage of the proceedings." McLaughlin, 443 F. App'x at 575 (citations omitted). "[O]nce the presumption has been rebutted, a claimant has the full 60 days in which to file his or her complaint." Id. at 574. To establish Nee's complaint is untimely, the Commissioner must "prove that [Plaintiff] received actual notice more than 60 days prior to filing the complaint in district court" on August 3, 2017. Id. at 575 (quoting Matsibekker, 738 F.2d at 81).

In support of the motion to dismiss, the Commissioner submitted a declaration from Marie Cousins, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. D. 16-1. Cousins' declaration indicates that she is "responsible for the processing of claims under Title II of the Social Security Act, as amended, whenever a civil action has been filed in the Commonwealth of Massachusetts." Id. at 3. Cousins states that, "[t]o the best of [her] knowledge and belief," Nee's electronic folder "discloses" that the Appeals Council sent the Notice to Nee by mail on May 26, 2017. Id. at 3-4. Cousins' declaration does not indicate whether the Notice was sent via certified mail or provide evidence corroborating actual receipt. Viewed in the light most favorable to Nee, it does not demonstrate when Nee actually received the Notice. With respect to the Commissioner's burden, "[i]t is not enough that the letter was mailed [almost seventy days] prior to the filing of this action since, as indicated, the limitations period runs from the time of

receipt, not the time of mailing." Matsibekker, 738 F.2d at 81.

Although the Commissioner also points to the discrepancy between Nee's pleadings and evidentiary submissions to support her argument that Nee received the Notice on June 3 rather than June 5, see D. 20 at 1-2, on the present record, the Commissioner has not established as a matter of undisputed fact that Nee's actual receipt of the Notice was on June 3, 2017 or earlier (which would make the August 3, 2017 filing untimely). Arguing the photocopied envelope with the handwritten annotation reflects a "more contemporaneous recollection . . . that the Appeals Council's Notice was received on June 3, 2017," the Commissioner contends that Nee's complaint is untimely because it was filed one day after the sixty-day period ended on August 2, 2017. D. 20 at 1. In reply, Nee alleges that the annotation was written while he was "standing in the Clerk's office" and the copy of the envelope in his file "has no such annotation written on it." D. 22 at 2.

The issue here on this motion for summary judgment is whether the Commissioner has, as a matter of undisputed fact, met her burden of proving that Nee received "actual notice" more than sixty days before filing his complaint. McLaughlin, 443 Fed. App'x at 575. Viewing the record in the light most favorable to Nee, the Court concludes that the Commissioner has failed to prove as a matter of undisputed fact that Nee received notice of the Appeals Council's decision more than sixty days before filing this action in the district court. Inasmuch as the presumption of receipt was rebutted by Nee and the Commissioner failed to prove that Nee received actual receipt on or before June 3, 2017, the Court concludes that the Commissioner is not entitled to summary judgment on this affirmative defense.

## VI. Conclusion

For the foregoing reasons, the Commissioner's Motion to Dismiss, D. 15, is DENIED.

**So Ordered.**

10

                                                                             <u>/s/ Denise J. Casper</u>
                                                                             United States District Judge